## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:24-cv-972-KDB

PATRICK O'NEAL HARRIS,      )
                                             )
            **Plaintiff,**                 )
                                             )
**vs.**                                      )
                                             )
ASHLEY KNOX, et al.,            )                    <u>ORDER</u>
                                             )
            **Defendants.**             )
_____ )

  **THIS MATTER** is before the Court on initial review of the Amended Complaint[1] [Doc.

10]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

## I. BACKGROUND

  The pro se Plaintiff filed the instant civil rights action while he was a pretrial detainee at

the Union County Jail ("UCJ").[2] [See Doc. 1 at 3]. The Amended Complaint is now before the

Court for initial review. [Doc. 10]. The Plaintiff names more than 100 Defendants, including: Jeff

Jackson, the North Carolina Attorney General; T. Robinson, the District Attorney; FNU Perry, a

judge; 10 John Doe medical staff at the UCJ; and numerous others. [Doc. 10 at 1-3 ("+20 John

Does et al.")]. He asserts claims pursuant to "1st, 4th, 5th, 8th, 14th Amendment(s) [and] Title II

[of the] ADA" for:

> Denial of Probable Cause Hearing; failure to protect from Assault; Jail Condition
> Issues; Excessive use of force; Intentional & Harmful Interference with Legal Mail,
> legal communication; Denial of Proper Access to the Courts; Denial of Due Process
> in Court Proceedings; Grossly deficient Medical Care; Abusive Treatment of
> Elderly/ individual with Disability; intentional physical harm; Assault & Battery by

---

[1] The Plaintiff filed the Amended Complaint before the original Complaint [Doc. 1] had been screened for frivolity.

[2] The Plaintiff's address of record remains at the UCJ.

State or Local Official(s); False Imprisonment; Wrongful Incarceration; Slander, defamation of character, discrimination based on race, gender History.

[Doc. 10 at 3-4]. The Amended Complaint is 77 pages in length and it appears that the Plaintiff is attempting to incorporate his original Complaint by reference. [See id. at 4-5]. For injury, he claims "Physical Injuries from Assault, & Negligence, Malpractice, Mental & Emotional Anguish…." [Id. at 5]. He seeks damages and injunctive relief including "indefinite termination/ suspension, 12-36 months active/probationary sentence…." [Id. at 5].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

2

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

A plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Here, Plaintiff brings multiple unrelated claims against unrelated defendants. These may not be litigated in the same action. The Court cannot and will not blindly select which related set of facts and Defendants that the Plaintiff might want to pursue in this action. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (the courts are not required to be "mind readers" or "advocates" for incarcerated or pro se litigants); see also Fed. R. Civ. P. 8(a) (requiring a "short and plain" statement of the claim). At this stage, the Court similarly declines to parse through Plaintiff's allegations and address other deficiencies in Plaintiff's Complaint. The Amended Complaint will, therefore, be dismissed without prejudice.

Moreover, the Plaintiff's request to be released from custody and/or for a sentence

reduction, such is not cognizable in this civil rights action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see generally 28 U.S.C. §§ 2241, 2254. Thus, to the extent that the Plaintiff is seeking to challenge the fact or duration of his confinement, he must do so, if at all, in a separate civil action.[3]

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Amended Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any Second Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment and incorporation by reference will not be permitted. **The Plaintiff's Second Amended Complaint, including attachments, must not exceed 25 pages unless the Plaintiff obtains prior authorization from the Court.** Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 10] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

---

[3] The Court makes no determinations about the potential merit or procedural viability of such an action.

4

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: December 23, 2024

Kenneth D. Bell
United States District Judge